**SEALED**

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Eastern District of California

**FILED**

**Feb 27, 2026**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| PETE ALVAREZ | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

Case No. 1:26-mj-00020-EPG

## CRIMINAL COMPLAINT BY RELIABLE ELECTRONIC OR TELEPHONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of    November 13, 2025    in the county of    Tulare    in the
Eastern    District of    California   , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Felon in Posession of Firearms and Ammunition |
| | Maximum Penalty:<br>15 years' incarceration, $250,000 fine, $100 special assessment |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Sahil Sharma*
*Complainant's signature*

Sahil Sharma, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance
with the requirements of Fed. R. Crim. P.
4.1 by telephone

Date: **Feb 27, 2026**

*Erica P. Grosjean*
*Judge's signature*

City and state:       Fresno, California

Hon. Erica P. Grosjean, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

PETE ALVAREZ

                    Defendants.

CASE NO.

AFFIDAVIT OF SPECIAL AGENT SAHIL SHARMA

## I. INTRODUCTION

1.        This Affidavit is in support of an arrest warrant for Pete ALVAREZ (hereinafter ALVAREZ) for violations of Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm.

2.        The information contained in this Affidavit is based upon my personal observations and training and, where noted, information related to me by other law enforcement officers and/or agents.

3.        As stated further in this Affidavit, law enforcement officers have gathered evidence to support probable cause that ALVAREZ unlawfully possessed firearms in violation of Title 18, United States Code, Section 922(g)(1).

## II.        AFFIANT'S BACKGROUND

4.        I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco and Firearms (ATF) and have been employed since April of 2021.  I am currently assigned to the ATF Fresno Field Office, specializing in investigations involving the illegal possession of firearms and other federal offenses involving firearms.  I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, GA and have received approximately 472 hours of training in areas including firearms, constitutional law, and federal criminal law. I have also received

COMPLAINT AFFIDAVIT                                    1

approximately 530 hours of training at the Bureau of Alcohol, Tobacco, Firearms & Explosives National Academy with the areas including firearms and ammunition identification, firearms trafficking, alcohol and tobacco diversion, and explosives and fire/arson investigations.

5.  Based upon my training experience, investigative efforts, and information and insight given to me by other Special Agents and law enforcement officers, I submit there is probable cause to believe that ALVAREZ possessed a firearm after being convicted of a felony violation, in violation of Title 18, United States Code, Section 922(g)(1), felon in possession of ammunition.

### III.    PROBABLE CAUSE

6.  According to reports from the Tulare Police Department (TPD)[1], on November 13, 2025, TPD officers served a state search warrant connected to an investigation by the Fresno Police Department at 749 S Van Ness St, Tulare, CA in relation to another individual. Two of the four individuals contacted at the residence were ALVAREZ and his girlfriend, V.A.

7.  During a search of the residence, officers found a large gun safe inside a bedroom. Officers also located a brown wallet containing ALVAREZ's Social Security card, California identification card, a check issued to ALVAREZ, and a letter from Valley State Prison written to ALVAREZ.

8.  Detectives asked ALVAREZ for the code to the safe prior to attempting to force it open, ALVAREZ initially refused to provide the combination but eventually provided detectives the code.

9.  Inside the safe, detectives located the following:

    a.  Juggernaut AR-15 lower receiver with serial number 28413

    b.  Juggernaut AR-15 lower receiver with serial number 28408

    c.  E P Armory AR-15 lower receiver with no serial number

    d.  AR-15 lower receiver with no serial number

    e.  Ruger, 103-2, .22 caliber rifle

    f.  Intratec Tec 9 pistol with serial number 53470

    g.  Privately manufactured AR-15

---

1.  All facts contained herein were taken from Fresno Police Department and Tulare Police Department reports unless otherwise noted.

COMPLAINT AFFIDAVIT                              2

h.   Ruger revolver with serial number 80-59951

i.   Ruger pistol with serial number 457-83795

j.   Bera pistol with serial number 57291

k.   Privately manufactured .22 caliber rifle

l.   Glock pistol with serial number LFS808

m.   North American arms pistol with serial number L272651

n.   North American Arms pistol with serial number K4258

o.   Kel-Tec pistol with serial number HJ320

p.   Citadel pistol with serial number CIT075254

q.   Intral Arms pistol with serial number G14899

r.   Multiple boxes of various caliber ammunition

s.   Short AR-15 upper receiver

t.   Firearms manufacturing tools

10.      I am aware based on my training and experience that a fully functioning "lower receiver" is a component of a firearm which houses other various, critical components, including the trigger, hammer, safety, and firearm magazine. The fully-functioning lower receiver is then attached to the upper receiver—the part of the firearm that contains the barrel and bolt—to create a functioning firearm.  It should be noted that the lower receiver by itself is considered a firearm. Additionally, the lower receiver is the component that must be serialized by manufacturers. Based on my training and experience, I know that an "unmilled", or unfinished 80-percent lower is a lower receiver that has not yet been machined or milled into a fully-functioning lower receiver. I am also aware based on my training and experience that 80-percent receivers are easily converted to fully-functioning lower receivers with the use of "jigs"." Jigs consist of metal or plastic plates, bolts, and drill bits, and provide a builder with the tools, measurements, and guides for converting an 80-percent receiver into a fully-functioning lower receiver.

11.      Detectives also located a red iPhone on top of a dresser in the bedroom.

COMPLAINT AFFIDAVIT                                                    3

12.     ALVAREZ asked detectives if he could get his phone to make a phone call to his job. ALVAREZ described the phone as a red iPhone located on top of the dresser next to his bed. Detectives showed ALVAREZ the red iPhone and ALVAREZ confirmed it was his. ALVAREZ also told detectives he was a convicted felon.

13.     Detectives interviewed V.A., who stated she and ALVAREZ had been in a relationship for approximately 21 years and live and sleep together. Detectives asked V.A. regarding the firearms in the safe and V.A. told detectives, "What's in the safe is not my business and I don't know what's inside it".

14.     I have reviewed the defendant's criminal history which indicates that ALVAREZ has the following prior domestic violence and felony convictions punishable by more than a year imprisonment:

- On or about April 18, 1999, **ALVAREZ** was convicted of a felony violation of California Penal Code section 245(A)(1), Assault with a Deadly Weapon Not a Firearm, in Fresno County case F99905267. He was sentenced to 121 days in jail and 36 months probation.

- On or about April 18, 2007, **ALVAREZ** was convicted of a felony violation of California Penal Code section 12021(A)(1), Felon in Possession of Ammunition, in Fresno County case F08905133. He was sentenced to 4 years imprisonment.

- On or about April 24, 2015, **ALVAREZ** was convicted of a felony violation of California Penal Code section 245(A)(1), Assault with a Deadly Weapon Not a Firearm, in Tulare County case VCF316920. He was sentenced to 448 days imprisonment and 2 years probation.

15.     On February 20, 2026, ATF Special Agent Payton Smith, who has specialized training in the manufacture, origin, and identification of firearms, indicated the Glock, Model 36, bearing serial number LFS808, handgun, was not manufactured in the state of California, and therefore, traveled in and affected interstate commerce.

### IV.     CONCLUSION

15.    The above facts set forth probable cause to believe that Pete ALVAREZ violated Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm. I request that an arrest warrant be issued for ALVAREZ for this violation.

COMPLAINT AFFIDAVIT                                    4

_Sahil Sharma_____

Sahil Sharma
Special Agent, ATF

Affidavit is submitted by email/PDF and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 before me on __**Feb 27, 2026**__

_____

Hon. Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

Reviewed as to form by:

/s/ Robert L. Veneman-Hughes
Robert Veneman-Hughes
Assistant U.S. Attorney

COMPLAINT AFFIDAVIT                                    5